UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY AND ASHLEY PAXTON,
ET AL.

VERSUS

KIRK KEY INTERLOCK
COMPANY, LLC, ET AL.

CIVIL ACTION

NO. 08-583-JJB

**RULING**

This matter is before the court for consideration of the Report and Recommendation of United States Magistrate Judge Christine Noland, dated October 21, 2008 (doc. no. 26), relative to motions to remand filed by plaintiffs (doc. 4) and by Dow Chemical Company (doc. 6). Numerous objections to the report have been filed and duly considered by the court. Additionally, pending is a motion (doc 31) for evidentiary hearing, which is also opposed.

The key issue relative to removal jurisdiction stems from the fact that this matter has been twice removed on the basis of diversity jurisdiction. In the first instance, in Civil Action No. 07-764-RET, the matter was removed on the grounds that Westgate and Dow[1] were "fraudulently joined" to defeat removal jurisdiction and that all of the other defendants were diverse in citizenship from plaintiffs. The matter was remanded on the basis that the removing defendants failed to fully allege the citizenship of co-defendant Kirk Key Interlock Company, LLC, after being given two

---

[1] While Dow is diverse from plaintiffs, plaintiffs and Dow contend that Dow should be realigned as a plaintiff and Dow is not diverse from defendant ABB.

1

opportunities to do so. The matter was remanded because the removing defendants failed to establish whether or not there was complete diversity between plaintiffs and Kirk Key. The court did not reach the fraudulent joinder arguments.

Some six months following the remand to state court, plaintiffs dismissed Kirk Key and defendants removed for the second time. The magistrate judge properly sets forth the standard for allowing successive removals under 28 U.S.C. §1446(b), i.e., a second removal is permissible when "**the case stated by the initial pleading** is not removable," but the matter "has become removable" due to a "new and different ground for removal" as the result of pleadings or papers received by the defendant. (Emphasis supplied.)

In concluding that the second removal is permissible, the magistrate judge states:

> Since the Court found that diversity jurisdiction did not exist at the time of the initial removal based upon the facts presented, this case was not 'originally removable' on that basis. Put another way, it is apparent this case was not originally removable since it was remanded for lack of jurisdiction. Doc. 26, at p.8, fn. 11.

The court finds that this conclusion is overly simplistic. While Judge Tyson did state that the court lacked jurisdiction, his reason for doing so was clearly based on the fact that the removing defendants had failed to establish whether or not there was complete diversity. To put it another way, in remanding the first time, the court expressly cited its **inability** to determine the citizenship of Kirk Key. Thus, no determination was actually made as to removability based upon diversity of

2

citizenship. Ironically, to support a second removal based upon the subsequent dismissal of Kirk Key in state court, ABB must first show that Kirk Key was actually **non-diverse** from the plaintiffs (contrary to the allegations of the first removal petition). Absent such a showing, the court is unable to determine whether **the case stated by the initial removal petition** was removable or not. As pointed out in the objections filed by plaintiffs and Dow, the removing defendant (ABB, Inc.) has failed to meet its burden once again. Moreover, ABB offers no good reason why it has been unable to prove the citizenship of Kirk Key despite having been giving plenty of opportunity to do so.

For much the same reasons, the court disagrees with the magistrate judge's finding that the second removal petition states "a new and different ground for removal." Both removals hinge on a determination of Kirk Key's citizenship and the allegations of fraudulent joinder of Dow. The court agrees with plaintiffs that the dismissal of a diverse party cannot make a matter removable under §1446(b). In short, ABB has the burden of showing that Kirk Key was non-diverse and its joinder was an obstacle to removal that dissolved when Kirk Key was dismissed by plaintiffs in state court. Once again ABB simply ignores its burden as the removing party and, because the court cannot determine the citizenship of Kirk Key, this matter will be remanded again.[2]

---

[2] The court notes that the motion for an evidentiary hearing pertains to factual matters unrelated to the citizenship of Kirk Key.

In view of the foregoing, the court need not address the issue of fraudulent joinder. Nevertheless, the court does agree with the magistrate judge's report on that issue, i.e, that Dow is properly realigned as a plaintiff and ABB has not demonstrated fraudulent joinder. The objections basically restate the parties' prior arguments, which have been adequately addressed by the magistrate judge. Additionally, the court agrees with plaintiffs and Dow that there is no need for an evidentiary hearing and that the request is made untimely in any event.

Additionally, the court finds that the motion for costs should be denied as ABB's arguments are not "objectively unreasonable." While the court finds ABB's argument for successive removal to be devoid of merit, the fact that the magistrate judge agreed with ABB on the §1446(b) issue shows that ABB's argument is not objectively unreasonably. Likewise, the court agrees that ABB's argument on fraudulent joinder is "a close call," as the magistrate judge puts it.

Therefore, the court hereby finds that this matter was not removable under §1446(b). However, the court approves the report and recommendations of the magistrate judge as to the issues of fraudulent joinder and costs.

Accordingly, the motion for evidentiary hearing (doc. 31) is DENIED; the

motions to remand (docs. 4 and 6) are hereby GRANTED and the motion for costs (docs. 4 and 6) are hereby DENIED.

Baton Rouge, Louisiana, this 21st day of November, 2008.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JAMES J. BRADY
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE